# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| HYDE LEADERSHIP PUBLIC | : | |
| CHARTER SCHOOL | : | |
| 101 T Street , N.E. | : | |
| Washington, D.C. 20002 | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | **CIVIL ACTION NO.** |
| | : | |
| WANDA CLARK, | : | |
| as next friend of the minor child, | : | |
| M.J. | : | |
| and | : | |
| M.J., individually | : | |
| 33 K Street, N.W., #413 | : | |
| Washington, D.C. 20001 | : | |
| | : | |
| AND | : | |
| | : | |
| THE GOVERNMENT OF THE DISTRICT | : | |
| OF COLUMBIA | : | |
| 441 Fourth Street, N.W. | : | |
| Washington, DC 20001 | : | |
| | : | |
| Serve: | : | |
| | : | |
| Robert Spagnoletti, Corporation Counsel | : | |
| Office of the Corporation Counsel | : | |
| District of Columbia | : | |
| 441 4th Street, N.W. | : | |
| Washington, DC 20001 | : | |
| | : | |
| and | : | |
| | : | |
| Mayor Anthony Williams | : | |
| Office of the Secretary | : | |
| 1350 Pennsylvania Avenue, N.W. | : | |
| Washington, DC 20004 | : | |
| | : | |
| Defendants | : | |

**COMPLAINT**

JURISDICTION

1.      Jurisdiction of this Court is found in 28 U.S.C. §1331, the Individuals with
        Disabilities in Education Act, 20 U.S.C. §§1415, *et seq*., (herein IDEA) and 42
        U.S.C. §§1983, *et seq*

2.      Plaintiff is a District of Columbia Public Charter School which has elected to be
        its own local education agency (LEA) under IDEA, for special education issues.

3.      Defendant and her minor child are currently residents of the District of Columbia
        and claimed D.C. residency for all or part of the time during the underlying
        administrative proceedings.

4.      Defendant Government of the District of Columbia  is a municipal corporation.
        As one of its governmental functions, Defendant operates the District of
        Columbia Public School System (DCPS).  DCPS is responsible for affording
        children with disabilities in the District of Columbia all rights pursuant to IDEA .

FACTS

5.      M.J. is a seven-year-old, special education student who currently attends Hyde
        Leadership Public Charter School ("Hyde") for the 2004-2005 academic school
        year.

6.      The student is currently receiving special education services as a student
        classified as "Other Health Impaired" because of ADHD.  Based on her IEP
        dated October 2, 2004, she receives ten (10) hours of specialized instruction a
        week.

2

7.      On December 28, 2004, a due process hearing request was filed claiming the
        student was not receiving specialized instruction because her special education
        teacher was assigned to a different classroom.  The parent requested
        compensatory education for the services M.J. allegedly missed.

8.      On January 31, 2005, a due process hearing was held.  During the month of
        December 2004, M.J.'s special education teacher was reassigned to another
        classroom.  However, evidence was presented that another teacher, Amber
        Crowder, was assigned to M.J.'s classroom during the period in question.  Time
        sheets for Ms. Crowder were presented at the hearing, along with contact sheets
        for the services she provided to M.J.  Ms. Crowder also testified about the time
        she spent with M.J. and the services she provided.

9.      Following the due process hearing, the record was left open until February 2,
        2005.  Hyde provided worksheets completed by the student with Ms. Crowder,
        along with a sworn statement from Ms. Crowder stating she implemented M.J.'s
        IEP goals during the time period in question.

10.     In her March 11, 2005, Hearing Officer's Determination, Hearing Officer Butler-
        Truesdale ruled that there was insufficient evidence to support a finding that M.J.
        was receiving her specialized instruction.  Of all of he evidence submitted, the
        hearing officer found that the most dispositive of the issue in question was that
        the sworn letter presented by Ms. Crowder did not include the notary's
        commission expiration date.

## COUNT I

11.    Plaintiff repeats and realleges paragraphs 1 - 10.

12.    Hearing Officer Truesdale erred in ruling that Hyde failed to provide sufficient evidence to prove that M.J. was receiving her specialized instruction.   Time sheets, contact sheets, testimony and a sworn statement were all provided and all proved that M.J. received specialized instruction from Amber Crowder for an interim period until a new special education teacher was hired.

## COUNT II

13.    Plaintiff repeats and realleges paragraphs 1 - 10.

14.    Hearing Officer Truesdale erred in ignoring the majority of the evidence and focusing only on whether a statement by Ms. Crowder included the expiration date of the notary.  This type of ruling exceeds the authority of the hearing officer as  she relies on no authority which requires a school to submit such evidence. She further erred by disregarding the remainder of the documents and testimony presented at the hearing which proved that M.J. was receiving specialized instruction during the period in question.  Regardless of this error, Hyde requests the opportunity to submit additional evidence in this case through both written exhibits and oral testimony

## COUNT III

15.    Plaintiff repeats and realleges paragraphs 1 - 10.

16.    Hearing Officer Truesdale erred in considering whether Ms. Crowder was a certified special education teacher.  As stated by Hyde's counsel, District of

4

Columbia Code Section 38-1802.04(3)(a)(7)(b) grants a public charter school exclusive control over personnel and is exempt from District of Columbia regulations.  Given this code section, Hyde does not require that its special education teachers be certified.  Regardless of the change in personnel at Hyde, M.J. received all of her specialized instruction hours from a special education teacher throughout the time period in question.

**WHEREFORE**, Plaintiff respectfully requests this court to:

1.      Issue a judgment for Plaintiff and against Defendants on all aforementioned counts;

2.      Order that the March 11, 2005, Hearing Officer's Decision be reversed, finding that Hyde provided all specialized instruction to M.J. during the period in question, and,

3.      Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

_____
Paul S. Dalton, Esq.
D.C. Bar No. 439118
Dalton, Dalton, & Houston, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300 (O)
(703) 739-2323 (F)

5

6