**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

HYDE LEADERSHIP PUBLIC CHARTER     :
SCHOOL,                            :
                                   :
            Plaintiff,             :
                                   :
      v.                           : Civil Action No. 05-0722 (JR)
                                   :
WANDA CLARK, *et al.*,             :
                                   :
            Defendants.            :

**MEMORANDUM ORDER**

        This is an appeal authorized by the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* (2000), from a hearing officer's determination that Hyde Public Charter School (Hyde) failed to prove that it had provided appropriate specialized instruction to a special education student.  The plaintiff is the Hyde School.  Defendants are Wanda Clark, next friend to the student, and the District of Columbia as a defendant.  The District moves to dismiss for failure to state a claim, arguing that it has been improperly joined and that it cannot provide the relief Hyde seeks.

        Hyde actually agrees with the District's contention. It explains that it named the District as a party only to follow two prior rulings of this court in similar IDEA appeals.  See Integrated Design Elecs. Acad. Pub. Charter Sch. v. Gooding, No. 03-1224 (D.D.C. Dec. 5, 2003) (Mem. Op. & Order); Sch. For the Arts in Learning (SAIL) Pub. Charter Sch. v. Mena, No. 02-1772

(D.D.C. July 25, 2003) (Memorandum).  In both cases, the district court ordered the charter school to join the District as a necessary party, notwithstanding arguments advanced by the schools that were identical to those raised here by the District. The court in both cases believed that only the District could provide the desired relief, which was the reversal of a hearing officer's determination.

At least one of those decisions--my own in <u>Mena</u>--failed to distinguish a local education agency charter from a D.C. public school charter.  <u>See</u> D.C. Code § 38-1802.  The distinction was properly recognized, and applied, in a recent decision of Judge Collyer in <u>IDEA v. Pub. Charter Sch. v. Belton</u>, No. 05-467 (D.D.C. March 15, 2006) (Mem. Op.).  As that opinion explains, LEA charters stand on their own under the IDEA, and are responsible for providing the free appropriate public education mandated under the IDEA.  <u>Id.</u> at 4.  Disputes with LEA charters are presented to impartial hearing officers, independent contractors who are neither officers nor employees of the D.C. Board of Education.  <u>See</u> D.C. Code § 5-3001.1 (defining "Impartial hearing officer.").  The District "ha[s] no authority to direct, rescind, overrule, modify, or alter the substantive decision of any hearing officer."  D.C. Mun. Reg. § 5-2407.4.  In <u>Belton</u>, the District was dismissed as an improperly joined party.

Judge Collyer is correct.  The District's motion to dismiss [Dk. # 5] will be **granted.**  If plaintiff wishes to pursue its claim, it may have 30 days from the date of this order to file proof of service upon the remaining named defendants.

It is **SO ORDERED.**


JAMES ROBERTSON
United States District Judge